IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIE COSTA,

     Plaintiff,

v.

PETCO ANIMAL SUPPLIES STORES, INC.,

     Defendant.

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant, Petco Animal Supplies Stores, Inc. hereby removes to this Court the state action described below.

On September 30, 2021, an action was commenced in the Middlesex Superior Court, entitled *Marie Costa v. Petco Animal Supplies Stores, Inc.,* Civil Action No.: 2181CV02144.

Defendant, Petco Animal Supplies Stores, Inc., by and through its registered agent in the Commonwealth of Massachusetts, Prentice-Hall Corporation System, Inc. d/b/a Corporate Service Corporation, 84 State Street, Boston, MA 02109, was served with a Summons on November 12, 2021, and received a copy of plaintiff's Complaint with Jury Demand and other related pleadings on same date.

A copy of all process and pleadings served upon defendant, Petco Animal Supplies Stores, Inc. in the state court action is attached hereto as Exhibit "A".

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action between citizens of different states, and the matter in controversy is $1,000,000, the amount of the plaintiff's formal demand exclusive of interest and costs. The plaintiff filed a Civil Action Sheet with documented damages in the amount of $50,000 to date, based on alleged personal injury including a left distal radius and ulna styloid fracture, sustained by the plaintiff as a result of the occurrence on April 30, 2021. The plaintiff alleges that as a result of the occurrence she continues to suffer bodily injury along with other compensable harms and losses. Further, a medical record provided asserts that the plaintiff will be left with

limited range of motion in the wrist as a result of this injury. This will presumptively give rise to a claim of permanency.

Defendant, Petco Animal Supplies Stores, Inc. is informed and believes that the plaintiff, Marie Costa is a citizen of the Town of Watertown, in the Commonwealth of Massachusetts, as pled in the Plaintiff's Complaint. Defendant, Petco Animal Supplies Stores, Inc., was at the time of the filing of this action, and still is, a citizen of: Incorporated under the laws of the State of Delaware, having a principal office at 10850 Via Frontera, San Diego, CA 92127.

WHEREFORE, defendant, Petco Animal Supplies Stores, Inc. prays that this action be removed to the United States District Court for the District of Massachusetts.


/s/ David A. White
David A. White, Esq.-BBO No. 551682
Davis & White, LLC
869 Turnpike Street
North Andover, MA 01845
(978) 688-1433
dwhite@daviswhite.com

Attorney for Defendant,
Petco Animal Supplies Stores, Inc.


Dated: 11/16/2021

## CERTIFICATE OF SERVICE

I, David A. White, Attorney for Petco Animal Supplies Stores, Inc., Defendant, certify that on November 16, 2021, I served the within **Notice of Removal,** on Plaintiff, Marie Costa, electronically through the ECF system to the registered participants pursuant to Local Rule 5.2(b) as follows:

Brittany Weise, Esq.
Morgan & Morgan
One State Street, Suite 750
Boston< MA 02109
bweise@forthepeople.com

/s/ David A. White
David A. White

# EXHIBIT A

COMMONWEALTH OF MASSACHUETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 CIVIL ACTION NO.:

_____
                                  )
MARIE COSTA,                      )
    Plaintiff,                    )
                                  )
v.                                )
                                  )
PETCO ANIMAL SUPPLIES STORES,     )
INC.,                             )
    Defendant.                    )
_____  )

## COMPLAINT

## PARTIES

1.   The Plaintiff, Marie Costa ("Plaintiff"), is a citizen of the Commonwealth of Massachusetts
     and a resident of Watertown, County of Middlesex, Massachusetts.

2.   The Defendant, Petco Animal Supplies Stores, Inc. ("Defendant"), is a corporation with
     headquarters located in San Diego, California but which does business in the
     Commonwealth of Massachusetts. Petco Animal Supplies Stores, Inc. has a registered
     agent, Prentice-Hall Corporation System, Inc., located at 84 State Street, Boston, MA
     02109.

3.   At all times material hereto, Defendant, Petco Animal Supplies Stores, Inc. owned, leased,
     managed, controlled, occupied, possessed, maintained, and/or had the right to control the
     Petco, located at 75 Linden Street #20 & #60 in Waltham, Massachusetts (the "Premises").

## GENERAL ALLEGATIONS

4.   Plaintiff incorporates by reference paragraphs 1-3 of this Complaint.

5.   On or about April 30, 2021, the Plaintiff was lawfully upon the Petco, located at 75 Linden

Street #20 & #60 in Waltham, Massachusetts.

6.   On or about April 30, 2021, the Plaintiff, while at all material times in the exercise of due care, was caused to trip and fall on a pallet that had been left on the floor of an aisle in the Premises which the Defendants knew or in the exercise of due care should have known was defective and in an area routinely traversed by customers.

7.   The pallet remained unremedied for an inordinate and unreasonable period.

8.   There were no posted warnings regarding this defective and unsafe condition at the Premises.

9.   As a direct and proximate result of the trip and fall, the Plaintiff was caused to suffer serious personal injuries.

10.  As a direct and proximate result of her injuries, the Plaintiff was caused to undergo reasonable and necessary medical treatment.

## COUNT I — NEGLIGENCE

11.  Plaintiff incorporates by reference paragraphs 1-10 of this Complaint.

12.  At all times material hereto, Defendant owed to the Plaintiff the duty of due care under the circumstances.

13.  At all times material hereto, Defendant, through its principals, agents, servants, employees, and/or representatives, were negligent and careless as to the Plaintiff in one or more of the following ways:

   a.   in failing to maintain the premises in a safe and proper condition for the Plaintiff and other persons similarly situated, who would be unaware of the defective and unsafe condition that caused the Plaintiff's injuries;

2

b. in failing to adequately warn the Plaintiff, and other persons similarly situated, of the defective and unsafe condition that caused the Plaintiff's incident;

c. in failing to erect barriers or other structures to prevent the Plaintiff and other persons similarly situated form coming in contact with the defective and unsafe condition;

d. in failing to comply with the applicable governmental codes and regulations in the construction, maintenance, upkeep, and use of the Premises; and

e. in other ways yet known to the Plaintiff but that might be discovered as the case progresses.

14. Defendant's acts and/or omissions constitute a breach of the duty of due care owed to the Plaintiff.

15. As a direct and proximate result of Defendant's breach of the duty of due care, and of Defendant's negligence and carelessness, the Plaintiff has suffered, and continues to suffer, bodily injury along with other compensable harms and losses.

WHEREFORE, the Plaintiff, Marie Costa, demands judgment as against the Defendant in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's incident-related harms and losses, together with interest and costs.

## JURY DEMAND

The Plaintiff hereby claims her right to a trial by jury of all claims so triable asserted at any time, and of all defenses asserted at any time by any current or future-named defendants.

3

Respectfully submitted,

The Plaintiff,
MARIE COSTA

By her Attorneys,

MORGAN & MORGAN,

Brittany Weise, BBO# 704048
One State Street, Suite 750
Boston, MA 02109
(857) 383-4908
bweise@forthepeople.com

Dated: 9/30/21

4

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Marie Costa | | COUNTY |
|---|---|---|
| ADDRESS: | | Middlesex |
| 1 State Street, Suite 750 | DEFENDANT(S): | Petco Animal Supplies Stores, Inc |
| Boston, MA 02109 | | |
| ATTORNEY: Brittany Weise | | |
| ADDRESS: Morgan & Morgan | ADDRESS: | The Prentice-Hall Corporation System, Inc. |
| 1 State Street, Suite 750 | 84 State Street | |
| Boston, MA 02109 | Boston, MA 02109 | |
| BBO: | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury/Property Dama· | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☐ YES   ☒ NO

Is this a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................. >$50,000.00
2. Total doctor expenses .................................................................................. $
3. Total chiropractic expenses .......................................................................... $
4. Total physical therapy expenses ................................................................... $
5. Total other expenses (describe below) .......................................................... $
                                                      Subtotal (A): $

B. Documented lost wages and compensation to date ......................................... $
C. Documented property damages to date .......................................................... $
D. Reasonably anticipated future medical and hospital expenses ......................... $
E. Reasonably anticipated lost wages ................................................................ $
F. Other documented items of damages (describe below) ..................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                          TOTAL (A-F):$ >$50,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

                                          TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X *Brittany Weise*    Date: 9/30/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *Brittany Weise*    Date: 9/30/21

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT
                                                   CIVIL ACTION NO.: 2181CV02144

|                                        |     |
| -------------------------------------- | --- |
| MARIE COSTA,                           | )   |
|   Plaintiff,                           | )   |
|                                        | )   |
| v.                                     | )   |
|                                        | )   |
| PETCO ANIMAL SUPPLIES STORES,          | )   |
| INC.,                                  | )   |
|   Defendant.                           | )   |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT, PETCO ANIMAL SUPPLIES STORES, INC.

Plaintiff, Marie Costa, pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure and the Definitions set forth below, propounds her first set of interrogatories upon Defendant, Petco Animal Supplies Stores, Inc., who shall serve written answers under oath upon Plaintiff's attorneys, Morgan & Morgan, One State Street, Suite 750, Boston, Massachusetts 02109, within forty-five (45) days from the date of receipt hereof.

### INSTRUCTIONS & DEFINITIONS

In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes nonprivileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

These definitions form an integral part of the discovery request which follows. Wherever any of the following terms is used in the Interrogatories, the term shall have the following meaning:

A. "DOCUMENT" is meant to include any written graphic, photographic, video or sound-recorded information, notice or material, whether originals or copies. It includes, but is not limited to, all writings or other recorded or graphic matter, of any nature or kind whatsoever, including, without limitation, any correspondence, letters, cables, telegrams, or other communications, personal or office diaries, journals, travel records, expense account records, ledgers, accounts, books, office or personal and/or type-written memoranda or notes, telephone records or logs or bills or memoranda, bank statements or

1

other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, data storage, including but not limited to, floppy disk, magnetic tapes, data cartridges, or CD-ROM disks, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contacts, agreements, forms, memorials, information, plans, specifications, periodicals, pamphlets, reports records, studies, and other written, recorded (sound or video), transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. "DOCUMENTS" also means drafts and non-identical copies of any of the foregoing.

B.  "THE PLAINTIFF" shall mean Marie Costa, the Plaintiff in this action.

C.  "DEFENDANT", "YOU" or "YOUR" shall mean Petco Animal Supplies, Inc., the Defendant in this action.

D.  "RELATING TO" "CONCERNING" and "REFERRING TO" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

E.  "IDENTIFY" shall mean:

    a.  with respect to persons, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

    b.  with respect to documents, specify the date of preparation, identify the person(s) who prepared of, and in each instance, explain the circumstances surrounding and authorization of the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, describe the document in a way that distinguishes it from all other documents (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc. and describe in detail its contents; if any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (i.) missing or lost, (ii.) has been destroyed, (iii.) has been transferred voluntarily or involuntarily to others and if so, to whom, or (iv.) otherwise disposed for such disposition thereof and state the date or approximate date thereof; and

    c.  with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership identify the principal(s) of the company.

F.  "COMMUNICATION" shall mean any words communicated by any means whether written or oral, in person, telephonic, email or any other medium used to communicate words.

G. "OCCURRENCE" and "INCIDENT" as used herein shall mean the trip and fall of April 30, 2021, described in the Plaintiff's Complaint, which gives rise to the instant action.

H. "PREMISES" as used herein refers to the land and buildings located at 75 Linden Street #20 and #60 in Waltham, Massachusetts.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the Defendant and the person answering these Interrogatories on the Defendant's behalf.

**INTERROGATORY NO. 2:**

Please state your occupation, job duties and responsibilities, and the authority pursuant to which you are answering these interrogatories for the Defendant.

**INTERROGATORY NO. 3:**

Identify each and every insurance company providing you with a policy or agreement which may make such company liable to satisfy part or all of any judgement which may be entered against you in this action, or which might indemnify or reimburse you for payments made to satisfy any such judgment. State the limits of coverage in each such insurance agreement, the type of each such policy, including any excess or umbrella coverage, and each policy number, and state whether any insurance company is defending you under a "reservation of rights."

**INTERROGATORY NO. 4:**

Identify each person you expect to call upon as an expert witness at trial. With respect to such expert witness, identify:

a. Each such person's education, training, qualifications and background in his or her field of expertise;

b. the subject matter on which each such expert witness is expected to testify;

c. the substance of all facts and opinions to which each expert witness is expected to testify; and

d. a summary of the grounds of each such opinion.

**INTERROGATORY NO. 5:**

Identify each and every person having knowledge of any facts relevant to this matter, and/or having knowledge of its cause or consequences.

3

**INTERROGATORY NO. 6:**

Identify each and every person you expect to call as a witness at the trial of this action and identify the subject matter on which each such witness is expected to testify.

**INTERROGATORY NO. 7:**

"State the basis", as defined by Superior Court Standing Order 1-09(1)(c)(9), of each and every defense which the Defendant intends to raise in this action.

**INTERROGATORY NO. 8:**

Describe in full detail to the best of your investigation how the occurrence happened, stating in order all the events which had any bearing upon the happening of the alleged Incident.

**INTERROGATORY NO. 9:**

If you claim that the negligence of any other person or persons, including without limitation, the Plaintiff, contributed to cause the occurrence, please identify all such persons and the manner in which they contributed to cause the occurrence.

**INTERROGATORY NO. 10:**

Explain in full and complete detail the relationship, if any, between the Defendant and: (i) the Premises; and (ii) any persons not identified in subsections (i) and/or (ii) who owned, controlled, managed, franchised and or operated the Premises, detailing in particular:

  a. The type, nature and extent of involvement of each person in the operation at the Premises, including without limitation, the ownership, management, control, and/or supervision, or the Premises;

  b. The type, nature and extent of involvement of each person in the supervision, inspection, maintenance, and/or repair of the aisles of the Premises;

  c. The identity of any persons who were officers, directors, agents, or managerial employees of more than one of the above corporations or entities at the same time;

  d. The identity of any documents shared in common by the above corporations or entities, including, without limitation, reports to corporate directors, officers and/or shareholders; and

  e. Whether any departments or divisions of the above corporations or entities which had as their function the supervision, inspection, maintenance and/or repair of the Premises utilized the same personnel, operating manuals, handbooks, guidelines, training procedures, quarterly or other reports, and/or any other information, and, if so, identify all such persons and documents.

4

**INTERROGATORY NO. 11:**

Identify each and every person known to the Defendant to have been present at the Premises on April 30, 2021 including without limitation all owners, employees, management personnel, customers, subcontractors, employees of subcontractors, and all other persons.

**INTERROGATORY NO. 12:**

Identify the following:

 a. Each person who observed, heard or responded to the Incident; and

 b. each person from whom the defendant or its insurers, attorneys, investigators or other representatives or agents has secured statements, and the date when and location where each such statement was obtained.

**INTERROGATORY NO. 13:**

Identify each and every person responsible for supervising, inspecting, repairing, and/or maintaining the aisles of the Premises.

**INTERROGATORY NO. 14:**

Identify how frequently and when agents, servants, and/or employees of the Defendant would inspect the interior of the Premises for hazardous conditions on and before April 30, 2021, in specific the aisles.

**INTERROGATORY NO. 15:**

Identify each and every policy, practice or procedure of the Defendant concerning the inspection, supervision and maintenance of the aisles of the Premises.

**INTERROGATORY NO. 16:**

Identify each and every person, including without limitation all owners, employees, management personnel, agents, customers, subcontractors, and/or employees of subcontractors, whoever discussed or commented upon the condition of the aisles of the Premises.

**INTERROGATORY NO. 17:**

Identify any and all measures undertaken by the Defendant on and before, April 30, 2021, to prevent hazardous conditions on the aisles of the Premises and identify the date and time each such measure was undertaken.

**INTERROGATORY NO. 18:**

If any person or entity was employed by you or under contract to provide inspection, maintenance, repairs, and injury at the Premises during the period one year before the Incident to one year after the Incident, please:

   a. Identify each such person or entity;

   b. state the dates when the contract was in effect;

   c. set forth the responsibilities of each such person or entity under the contract; and

   d. identify all documents which refer, relate, memorialize or set forth the contract.

**INTERROGATORY NO. 19:**

With reference to each statement made by the Plaintiff pertaining to the occurrence or her resulting injuries, describe each statement fully, including within your answer:

   a. Whether each said statement was oral, written or recorded;

   b. the date of each said statement;

   c. the full text of each said statement, and the name and address of the current custodian of each said statement or tape of each said statement; and

   d. the name and address of each witness to such statement.

**INTERROGATORY NO. 20:**

Identify all documents examined and all persons consulted, other than counsel for the Defendant answering these Interrogatories, prior to responding to these Interrogatories.

**INTERROGATORY NO. 21:**

Identify each and every industry standard:

   a. Used by or relied upon by the Defendant; and

   b. not used by or relied upon by the Defendant in supervising, inspecting, repairing and maintaining the aisles of the Premises at any time, including, without limitation any and all changes in such standards, and/or the Defendant's reasons for following and/or not following any such standards.

**INTERROGATORY NO. 22:**

Identify each and every occasion when the Defendant has paid compensation of any type, including judgments and settlements in civil actions, to any person for injuries allegedly sustained by such person as a result of alleged falls at the Premises up to five (5) years before the Incident, by identifying:

   a.   The dates such payments were made;

   b.   the person to whom payments were made;

   c.   the amount paid to each such person;

   d.   the allegations of the claimant which gave rise to such payments; and

   e.   any and all courts and docket numbers in or through which such payments were made.

**INTERROGATORY NO. 23:**

Identify any and all complaints the Defendant has received or was aware of regarding trip and falls on the Premises up to five (5) years before the Incident.

**INTERROGATORY NO. 24:**

Identify any staff working at the Premises on the date of the Incident.

<div style="margin-left: 40%;">

Respectfully submitted,

The Plaintiff,
MARIE COSTA

By her Attorney,
MORGAN & MORGAN,

Brittany Weise, BBO# 704048
One State Street, Suite 750
Boston, MA 02109
(857) 383-4908
bweise@forthepeople.com

</div>

Dated: 11/3/21

7

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                            SUPERIOR COURT
                                                         CIVIL ACTION NO.: 2181CV02144

_____     )
                                     )
MARIE COSTA,                         )
    Plaintiff,                        )
                                     )
v.                                   )
                                     )
PETCO ANIMAL SUPPLIES STORES,        )
INC.,                                )
    Defendant.                        )
_____     )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, PETCO ANIMAL SUPPLIES STORES, INC.

    Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure and the Definitions set forth below, Plaintiff, Marie Costa, by and through her attorneys, Morgan & Morgan, request that Defendant, Petco Animal Supplies Stores, Inc., produce or permit Plaintiff to inspect and to copy the following Documents that Defendant or any parent/subsidiary, agent, servant, employee, representative, or attorney of Defendant may have in their possession, custody or control within thirty (30) days of the date of service at the office of Morgan & Morgan, One State Street, Suite 750, Boston, Massachusetts 02109.

    Pursuant to Rule 26 of the Massachusetts Rules of Civil Procedure, these First Requests for Production of Documents are to be deemed continuing and the responses hereto are to be supplemented promptly upon the acquisition of further or additional Documents or information.

    This Request encompasses not only the items in the Defendant's possession, but also those within the possession, custody and/or control of any agent, officer, servant, employee, attorney, or other representative of the Defendant. Each item produced is to be produced with a notation indicating the request to which it responds.

### DEFINITIONS

    These definitions form an integral part of the discovery request which follows. Wherever any of the following terms is used in the Request, the term shall have the following meaning:

A. "DOCUMENT" is meant to include any written graphic, photographic, video or sound-recorded information, notice or material, whether originals or copies. It includes, but is not limited to, all writings or other recorded or graphic matter, of any nature or kind whatsoever, including, without limitation, any correspondence, letters, cables, telegrams, or other communications, personal or office diaries, journals, travel records, expense account records, ledgers, accounts, books, office or personal and/or type-written

memoranda or notes, telephone records or logs or bills or memoranda, bank statements or other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, data storage, including but not limited to, floppy disk, magnetic tapes, data cartridges, or CD-ROM disks, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contacts, agreements, forms, memorials, information, plans, specifications, periodicals, pamphlets, reports records, studies, and other written, recorded (sound or video), transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. "DOCUMENTS" also means drafts and non-identical copies of any of the foregoing.

B.  "THE PLAINTIFF" shall mean Marie Costa, the Plaintiff in this action.

C.  "DEFENDANT", "YOU" or "YOUR" shall mean Petco Animal Supplies Stores, Inc., the Defendant in this action.

D.  "RELATING TO" "CONCERNING" and "REFERRING TO" shall mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or regarding.

E.  "IDENTIFY" shall mean:

   a.  with respect to persons, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

   b.  with respect to documents, specify the date of preparation, identify the person(s) who prepared of, and in each instance, explain the circumstances surrounding and authorization of the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, describe the document in a way that distinguishes it from all other documents (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc. and describe in detail its contents; if any such document was, but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is (i.) missing or lost, (ii.) has been destroyed, (iii.) has been transferred voluntarily or involuntarily to others and if so, to whom, or (iv.) otherwise disposed for such disposition thereof and state the date or approximate date thereof; and

   c.  with respect to companies, state the company's full legal name and the business address of its principal place of business. If the company is a corporation, specify the date and state of its incorporation If the company is a partnership, identify the partners. If it is neither a corporation nor a partnership identify the principal(s) of the company

2

F. "COMMUNICATION" shall mean any words communicated by any means whether written or oral, in person, telephonic, email or any other medium used to communicate words.

G. "PREMISES" as used herein refers to the land and buildings located at 75 Linden Street #20 and #60 in Waltham, Massachusetts.

H. "OCCURRENCE" and "INCIDENT" as used herein shall mean the trip and fall of April 30, 2021, described in the Plaintiff's Complaint, which gives rise to the instant action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All documents identified in your response to the Plaintiff's First Set of Interrogatories to this Defendant.

**REQUEST NO. 2:**

Any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy any judgment recovered against you, whether the coverage be primary or excess.

**REQUEST NO. 3:**

Any and all written statements and/or copies of all written transcriptions of any and all statements and communications of the Plaintiff taken on any recording instrument, or by any other means, relative to any of the matters alleged in the Plaintiff's Complaint.

**REQUEST NO. 4:**

Any and all written statements and documents or statements or communications reduced to writing and/or reports and communications of any and all witnesses to the matters alleged in the Plaintiff's Complaint, including injuries and damages alleged in the Plaintiff's Complaint and/or all written transcriptions of any statements and communications taken of witnesses on any recording instrument, or by any other means.

**REQUEST NO. 5:**

Copies of any and all memoranda, letters or other documents to you or to anyone else, in your possession, custody, or control, which you purport to have been, or know to have been written by the Plaintiff.

**REQUEST NO. 6:**

All documents evidencing, reflecting or relating to the Plaintiff.

3

**REQUEST NO. 7:**

All documents concerning the Defendant's contention that it is not liable to the Plaintiff in this action.

**REQUEST NO. 8:**

All documents upon which the Defendant intends to rely in support of each of its affirmative defenses.

**REQUEST NO. 9:**

All documents the Defendant intends to introduce at the trial of this action.

**REQUEST NO. 10:**

All documents the Defendant intends to introduce into evidence at any trial or hearing on the issue of the Plaintiff's damages, including without limitation, all reports of private investigators, all surveillance tapes, films, photographs, and videotapes, and all similar documents of every type, kind and description.

**REQUEST NO. 11:**

All documents concerning the testimony of all expert witnesses that the Defendant intends to call to testify at the trial of this action, including, without limitation, any and all reports obtained from such experts, transcriptions of all testimony at trial and at deposition of such experts, and all treatises, articles, correspondence, and publications by and about each such expert.

**REQUEST NO. 12:**

The curriculum vitae of any and all expert witnesses the Defendant intends to call to testify at the trial of this action.

**REQUEST NO. 13:**

All documents concerning the Plaintiff's alleged fall at the Premises.

**REQUEST NO. 14:**

All documents between the Defendant and any person other than counsel concerning the Plaintiff's alleged fall at the Premises.

**REQUEST NO. 15:**

All agreements and contracts, including without limitation, lease and rental agreements, between the Defendant and any third-party which were in effect on or about April 30, 2021.

4

**REQUEST NO. 16:**

All agreements and contracts made at any time between the Defendant and any third-party concerning the use, maintenance, inspection, and/or repair to the interior of the Premises, in specific the aisles.

**REQUEST NO. 17:**

All documents concerning the condition of the interior of the Premises, including without limitation, all documents, photographs, films, videotapes, reports and other representations of the type, description, location, size, shape, color, visibility, and sharpness of each surface irregularity.

**REQUEST NO. 18:**

All documents, photographs, films, videotapes, and other representations of the interior of the Premises as it appeared on April 30, 2021.

**REQUEST NO. 19:**

All documents in which any person expressed concern about the condition of the interior and/or exterior of the Premises at any time.

**REQUEST NO. 20:**

All documents concerning all defects or allegedly unsafe conditions at the Premises that the Defendant received from and/or sent to any Inspectional Services Department or any board of health or any other board, agency, authority, or other entity having as its objective the inspection and regulation of buildings.

**REQUEST NO. 21:**

All documents concerning the inspection and maintenance of the interior of the Premises.

**REQUEST NO. 22:**

All documents concerning the Defendant's standards for inspecting, maintaining, repairing and warning of defects including but not limited to tripping hazards, as to the interior of the Premises at any time.

**REQUEST NO. 23:**

All documents concerning the identity of the individuals who designed the Defendant's policies, practices, and procedures concerning the inspection, repair, and maintenance, of the Premises.

**REQUEST NO. 24:**

All documents concerning the identities of all persons who performed inspection, maintenance and/or repair work of the interior of the Premises on and before April 30, 2021.

**REQUEST NO. 25:**

All documents concerning persons who were responsible in whole or in part for inspecting, maintaining, repairing and/or warning of defects as to the interior of the Premises.

**REQUEST NO. 26:**

All documents concerning the identities of persons who exercised supervisory responsibility over the Premises on April 30, 2021.

**REQUEST NO. 27:**

All documents concerning the identity of all persons working at the Premises on April 30, 2021.

**REQUEST NO. 28:**

All documents concerning alleged trip and falls at the Premises at any time.

**REQUEST NO. 29:**

All testimony obtained from any party and/or witness, whether by deposition or at trial or at any other judicial and/or administrative proceeding, concerning any and all claims of trip and fall injuries at the Premises alleged by any person.

**REQUEST NO. 30:**

All documents concerning each and every occasion when the Defendant has paid any form of compensation, including judgments and settlements in civil actions, to any person for injuries allegedly sustained by such person as a result of alleged trip and falls at the Premises between April 30, 2016 through Present.

**REQUEST NO. 31:**

All annual, semi-annual, quarterly, and/or periodic summaries prepared by the Defendant concerning injuries sustained at the Premises as a result of trip and falls at any time.

**REQUEST NO. 32:**

All documents not otherwise produced that concern in any way the claims and defenses raised in this lawsuit.

**REQUEST NO. 33:**

All incident reports from trip and fall incidents at the Premises that occurred from anytime between April 30, 2016 to the present.

**REQUEST NO. 34:**

All Incident reports from any injury that occurred at the Premises from April 30, 2016 to the present.

**REQUEST NO. 35:**

Identify any and all post-occurrence changes, adjustments, instructions, warnings, recommendations, or other remedial measures undertaken to correct the causes of the occurrence and/or prevent a similar event in the future by:

    a. The Defendant;
    b. any Resident or Family Member at the Premises; and
    c. any other person or entity.

**REQUEST NO. 36:**

Agreements or contracts concerning care, maintenance, janitorial services, in effect at the time of the accident.

**REQUEST NO. 37:**

All documents you received in response to any Keeper of Records Deposition Notices and/or Subpoena with regard to the present matter.

Respectfully submitted,

The Plaintiff,
MARIE COSTA

By Her Attorneys,
MORGAN & MORGAN,

Brittany Weise, BBO# 704048
One State Street, Suite 750
Boston, MA 02109
(857) 383-4908
bweise@forthepeople.com

Dated: 11/3/21

7

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181 *CV02144*

_Marie Costa_ , PLAINTIFF(S),

v.

_Petco Animal Supplies Store, Inc.,_ DEFENDANT(S)



## SUMMONS

THIS SUMMONS IS DIRECTED TO _Petco Animal Supplies Stores Inc._ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex Super. Court, 200 trade center, woburn_ (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Morgan & Morgan, 1 State Street Suite 750, Boston, MA 02109_

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

A true copy Attest:

_11-11-21_     Deputy Sheriff Suffolk County

4.   **Legal Assistance.**  You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:**  The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on_____, 20___.

_____

Michael A. Sullivan
Clerk-Magistrate

Note:  The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated:_____, 20____          Signature:_____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_____

, 20____



# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 24056803
Date Processed: 11/12/2021

| | |
|---|---|
| **Primary Contact:** | Alexandra Cuevas<br>Petco Animal Supplies, Inc.<br>10850 Via Frontera<br>San Diego, CA 92127-1705 |
| **Electronic copy provided to:** | Amanda Costa<br>Rachel Ayers<br>Kevin Hall<br>Demetrius Nickens<br>Cherish Ferguson<br>Betsy Long<br>Legal Department<br>Matthew Wroblewski<br>Ilene Eskenazi<br>Bettina Yip |

| | |
|---|---|
| **Entity:** | Petco Animal Supplies Stores, Inc.<br>Entity ID Number  0245719 |
| **Entity Served:** | Petco Animal Supplies Stores, Inc. |
| **Title of Action:** | Marie Costa vs. Petco Animal Supplies Stores, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Middlesex County Superior Court, MA |
| **Case/Reference No:** | 2181CV02144 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 11/12/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Morgan & Morgan<br>857-383-4908 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com